WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-GATE.—July, 1880.

FREEMAN *v.* NELSON.

*In the matter of the application of* NORMAN K. FREE-MAN, *a judgment creditor of* SAMUEL NELSON, *deceased, for leave to issue execution.*

Under section 1381 of the Code of Civil Procedure, the Surrogate has no power, upon an application for leave to issue execution upon a judgment recovered against the intestate during his life-time, to receive evidence as to whether the judgment was fraudulently obtained or not. The court in which the judgment was obtained is the proper tribunal to determine the validity of its own judgment, under subdivision 1 of the same section.

The power of the Surrogate under this section to make "such decree as justice requires," defined.

IN 1877 Norman K. Freeman obtained a judgment against Samuel Nelson, in the Supreme Court. Shortly thereafter, and in the same year, Nelson died intestate, seized of some real estate, and in 1879 letters of administration were granted to his widow. Application is now made to this court for a decree, granting leave to the

plaintiff, to issue execution to collect the amount of his judgment.

W. STEBBINS SMITH, *for petitioner.*

H. C. HENDERSON, *for administratrix.*

THE SURROGATE.—The application seems to be in proper form, and all of the parties entitled to notice have been duly cited. The administratrix alleges that the judgment in question was obtained fraudulently, and asks the court to receive evidence of that fact, in order, not to the setting aside of the judgment, but to enable it to make such decree in the premises as justice requires, as it is directed to do by subdivision 2 of section 1381 of the Code. To this the petitioner objects, as being beyond the power of this court. This is the only question for consideration. It strikes me that, as the execution cannot be issued without application also to the court in which the judgment was obtained, according to subdivision 1, of the section quoted, that court only has the power to try the validity of its own judgments. If this court were to receive the evidence offered, and, from the consideration of it, should conclude that "justice required," that no execution should issue, it would be virtually determining the judgment to be fraudulent. I think no such power was intended to be conferred by that section It would, however, have power to determine what, if any, payments had been made on it, to ascertain the sufficiency of the assets to pay debts of a like character, and, if sufficient, to decree that execution issue for the whole amount, &c. I think it is in these and the like respects that the Surrogate is to make such decree as justice requires; rather than to ascertain if the judgment be valid.

I must therefore decline to receive the evidence offered, or direct a decree to be entered granting leave to issue execution.